MIGUEL RUIZ VÁZQUEZ, Appellant, *v.* THE REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 1385. Decided December 21, 1961.

*Celestino Domínguez Rubio* for appellant. The registrar did not appear to support the note of refusal.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Dávila.

### JUDGMENT

Section 70 of the Municipal Law of 1928, as amended by Act No. 61 of June 16, 1954, 21 L.P.R.A. (Supp. 1959) § 262[1] provided in its ninth paragraph that "Every grantee of a lot built upon under a previous concession, desiring to obtain the permanent ownership of such lot granted to him, may acquire the same without need of public auction; and the municipal assembly may so determine by an ordinance providing for the fixing of the rate at which the said lots shall be sold in each urban zone; and there shall be taken into account, in adopting the ordinance, the zones into which the lots have been divided and the value fixed to them in the last property assessment carried out by the Bureau of Scientific Assessment of the Department of the Treasury."

The Municipal Assembly of Patillas authorized the sale of a lot situated on Calle Nueva of said town to appellant, on which a building belonging to the latter is standing. In the ordinance approved to that effect—No. 5 of Series 1958-59—a price of $155 was fixed. The deed having been executed a certified copy was presented at the Registry of Property of Guayama, accompanied by a copy of said ordinance, and of No. 21 of said series by which, in a general way, the assembly provided for the sale of any municipal lot to the usufructuary who owned a building thereon for a price

---

[1] The Municipal Law of 1960 contains a similar provision: § 98 of Act No. 142 of July 21, 1960, p. 505, 21 L.P.R.A. § 1651.

equivalent to one fourth of the tax assessment of said lot. It was approved by the Planning Board.

The Registrar refused the record [2] in a note which literally copied reads:

"Record of this document is hereby denied, after examining complementary documents at folio 169 reverse, of volume 72 of Patillas, lot No. 4013, Entry A, on the ground that no ordinance approved by the Municipal Assembly of Patillas was accompanied establishing the different urban zones and the rate at which the lots owned by said municipality shall be sold in each urban zone and showing that the zones into which the lots have been divided and the value fixed to them in the last tax assessment carried out by the Bureau of Scientific Assessment of the Department of the Treasury which is a pre-requirement for the sale made, all in accordance with the ninth paragraph of § 70 of the Municipal Law in force, as amended by Act No. 61 of June 16, 1954, the attached complementary ordinances being insufficient and contrary to law, that is, Nos. 5 and 21, of September 26, 1958 and January 23, 1959 respectively, a cautionary notice being entered of the deed of purchase in favor of Miguel Ruiz Vázquez for the legal term of 120 days at folio and volume referred to. Said lot is free of lien. Guayama, April 8, 1960. (Signed) Tomás Bernardini, Registrar."

■■ The classification in zones mentioned in the above copied section clearly shows the necessity of fixing a uniform price for those lots situated in a specific zone. In *Amaral v. Registrar*, 77 P.R.R. 874 (1955) we decided that a municipality is entitled to sell its lots to the usufructuaries at prices less than the assessed value, and that the phrase "there shall be taken into account" such assessment contained in § 70 is merely directory, the municipality being bound merely to take it into consideration upon fixing the selling price. For the registration of the lot acquired by appellant it was not necessary to establish the previous division of the town in zones. It was sufficient if the ordinance authorizing the

---

[2] The respondent Registrar did not file a brief to support the decision denying record.

sale showed the authorized selling price and that the official assessment had been considered. We must not forget that this law should be construed in pursuit of its purposes to facilitate the acquisition of the lots by the owners of the buildings standing thereon. Moreover, since the purchaser is entitled to the usufruct in perpetuity, the municipality receives evident benefit for the lot is recorded for tax purposes and greater benefits are received.

The decision appealed from is reversed and the registration of the sale made in favor of appellant by deed No. 211 of July 15, 1959 before Notary Luis Domínguez Rovira is ordered.

It is so decreed and ordered by the Court as witnesses the signature of the Chief Justice.

(s) LUIS NEGRÓN FERNÁNDEZ
*Chief Justice*

I attest:

(s) IGNACIO RIVERA
*General Secretary*